Stillman Legal, P.C.
42 Broadway, 12t Floor
New York, New York 10004
Tel (212) 203-2417
www.FightForUrRights.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

GUSTAVO CLEMENTE *individually and on behalf of*
*others similarly situated,*

       *Plaintiff,*

       *Against*

S & W SUPERMARKET, INC (DBA S & W
SUPERMARKET) And ABDUL ALFALAHI

       -

       *Defendants.*

-----------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**

**UNDER 29 U.S.C. § 216(b)**

**and CLASS ACTION**

**UNDER FRCP 23**

**ECF Case**

**JURY TRIAL**

**DEMANDED**


Plaintiffs Gustavo Clemente brings this Class and Collective Action Complaint on behalf of
himself and similarly situated co-workers against Defendants S & W Supermarket Inc. (DBA S
& W Supermarket) And Abdul Alfalahi collectively, "Defendants") pursuant to the Fair Labor
Standards Act ("FLSA"), 29 U.S.C. §§ 201 <u>et seq.</u>, the New York Labor Law ("NYLL"), N.Y.
Lab. Law § 650 <u>et seq.</u>, as recently amended by the Wage Theft Prevention Act ("WTPA"), N.Y.
Lab Law § 195(3), and related provisions from Title 12 of New York Codes, Rules and
Regulations ("NYCRR").

1

## NATURE OF ACTION

1. This Class and Collective Action Complaint seeks to recover overtime compensation, spread-of-hours pay, unlawful deductions and breach-of-contract and quantum meruit damages for Plaintiff and similarly situated co-workers who have been employed by Defendants as Supermarket Deli Workers for some or all the time period relevant to this action (the relevant time period being set by the federal and state claims' respective statutes of limitations).

2. Plaintiff is a former employee of Defendants who was ostensibly employed as Deli worker at S & W Supermarket Chains.

3. As described herein, Individual Defendant Abdul Alfalahi, ("Individual Defendants") employ Plaintiffs' for the purposes of the instant claims.

4. S & W Supermarket Inc., (d/b/a S & W Supermarket) is a company with a principal place of business in Bronx New York. Specifically, at 40-28 east Tremont avenue Bronx NY 10465.

5. Defendant Abdul Alfalahi operate and control Defendant Corporations and, by extension, Defendant Corporations' employees, for part or all of the time period relevant to this action.

6. At all relevant times, Plaintiffs regularly work for Defendants in excess of 40 hours per week, without receiving appropriate overtime compensation for any of the hours that they worked

7. At all relevant times, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.     At all relevant times, Defendants failed to maintain accurate recordkeeping as required by the FLSA and the NYLL.

9.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.     Plaintiffs now bring this Class and Collective Action on behalf of himself, and other similarly situated individuals, for federal and state claims relating to unpaid overtime wages, unpaid spread-of-hours wages, failure to maintain records, and the taking of unlawful deductions pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), N.Y. Lab Law § 195(3), and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR"). In addition, Plaintiffs brings this action on behalf of themselves and other similarly situated individuals for state breach-of-contract and quantum-meruit claims.

11.     In connection with the above-mentioned allegations and claims, Plaintiffs seeks compensatory damages as well as applicable liquidated damages, interest, attorney's fees and costs.

12.     Plaintiffs seek certification of this action as a collective action under 29 U.S.C. § 216(b) on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants, and as a putative class action under FRCP 23 with respect to the New York state law claims.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 28 USC §§1331, and 1337 and jurisdiction over Plaintiffs' state-law claims pursuant to 28 USC § 1367.

14.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15.     This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

16.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because Corporate Defendants reside in this District, certain Plaintiffs reside in this District and because a substantial part of the events that are the subject of the litigation transpired in this District.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

17.     Plaintiffs bring his FLSA claims on behalf of themselves and all similarly situated persons who work or have worked for Defendants on or after October 10, 2013 who elect to opt-in to this action (the "FLSA Collective").

18.     All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

19.     As part of his regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

a. Willfully failing to pay overtime wages for hours worked in excess of 40 hours per week;

b. Willfully failing to keep records that satisfy statutory requirements.

20.     At all relevant times, Plaintiffs and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the require overtime pay at a one and one-half his regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiffs' wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records require by the FLSA.

21.     The claims of Plaintiffs stated herein are similar to those of the other employees and Plaintiffs and the FLSA Collective all perform or performed the same primary duties.

22.     Defendants are aware that FLSA required them to pay employees performing non-exempt duties, including Plaintiffs and the FLSA Collective overtime premium for hours worked in excess of 40 hours per workweek.

23.     Defendants' unlawful conduct has been widespread, repeated and consistent.

**CLASS ACTION ALLEGATIONS**

24.     Plaintiffs bring certain NYLL claims pursuant to FRCP 23 on behalf of all of Defendants' employees who work or have worked for Defendants from October 10, 2013 and the date of final judgment in this matter ("the Class").

25.     Excluded from the Class are, <u>inter alia</u>, Defendants' employees who will submit timely and otherwise proper requests for exclusion from the Class.

26.     On information and belief, the size of the Class is roughly 10 individuals. Although the precise number is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

27.     Common questions of law and fact exist as to the Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    a.   Whether Defendants violated Article 6 of the NYLL and the supporting NYS Department of Labor regulations;

    b.   Whether Defendants failed to compensate the Class for hours worked in excess of 40 hours per workweek;

    c.   Whether Defendants misclassified Plaintiffs and members of the Class as exempt;

    d.   Whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Class, and other records required by the NYLL;

    e.   Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

    f.   The nature and extent of class-wide injury and the measure of damages for those injuries.

28.     Plaintiffs' claims are typical of the Class's claims that they seek to represent. Defendants employed Plaintiffs and the Class in New York State. Plaintiffs and the Class enjoy

the same NYLL rights to receive overtime; to be protected from unlawful deductions; to have legally sufficient record-keeping. Plaintiffs and the Class have all sustained similar type of damages as a result of Defendants' non-compliance with the NYLL. Plaintiffs and the Class have all been injured by virtue of Defendants' under compensation of them or Defendants' failure to compensate them due to Defendants' common policies, practices and patterns of conduct.

29.     Plaintiffs will fairly and adequately represent and protect the interests of the Class's members. Plaintiffs understand that as class representatives they assume a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests. Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor his own interests over the Class's interests. Plaintiffs recognize that any resolution of a class action must be in the best interest of the Class. Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition/trial. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiffs and the Class.

30.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' violation of the NYLL as well as its common and uniform policies, practices and procedures. Although the relative damages suffered by individual members of the Class are not de minimis, such damages are small compared to the expense and

burden of individual prosecution of this litigation. For example, Class members lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

31.     This action is properly maintainable as a class action under FRCP 23(b)(3).

## PARTIES

*Plaintiffs*

32.     Plaintiffs Gustavo Clemente, ("Plaintiff Clemente") is an adult individual residing in Brooklyn, NY.  Plaintiff Clemente was employed by Defendants from on or about June 2015 until September 20th, 2019.  At all relevant times to this complaint, Plaintiff Clemente was employed by Defendants as a Deli worker.

33.     Plaintiffs consent to be parties pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b) and as representatives of the Proposed Class.

*Defendants*

34.     Individual Defendants have owned, operated and controlled & W SUPERMARKET, INC at all times relevant to this complaint.

35.     On information and belief S & W SUPERMARKET, INC is a corporation organized and existing under the laws of the State of New York with principal place of business in Bronx, NY

36.     Upon information and belief S & W Supermarket Inc, individually and collectively has more than $500,000.00 in gross annual income for the years relevant to the instant action (independent of excise taxes).

37.     On information and belief, the operations of S & W Supermarket Inc. individually and collectively implicate interstate commerce insofar as these Defendants rely heavily on food and produce that has been transported across state lines.

38.     Defendant Abdul Alfalahi is an individual who has been the de facto and de jure owner, officer and/or agent of Defendant Corporations during the relevant time period, and he is sued individually. Defendant Abdul Alfalahi has possessed and exercised operational control over Defendant Corporations, for example, he has at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular, Abdul Alfalahi has a prominent role in the setting of salaries for Corporate Defendants' employees and hires and fires Corporate Defendants' employees.

## COMMON FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

39.     Defendants operate a Supermarket where the Plaintiff worked. At all relevant times, Individual Defendant Abdul Alfalahi possessed or possessed operational control over Defendant Corporations; possess or possessed an ownership interest in Defendant Corporations, and control or controlled significant functions of Defendant Corporations.

40.     Corporate Defendants purport to be separate corporate entities. On information and belief, this is not true, and Defendants have manipulated the corporate forms in order to

deprive Plaintiffs and other employee members of the Proposed Class of FLSA, NYLL and other state law protections.

41.     Corporate Defendants and Individual Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

42.     At relevant times, each Corporate Defendant possessed substantial control over Plaintiffs' and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

43.     Corporate Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' and all similarly situated individuals' employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

44.     In the alternative, Corporate Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals, as the corporate divisions between them are fictional.

45.     Upon information and belief, Individual Defendants Abdul Alfalahi, Operate each Defendant Corporation as the alter ego of the other one, and/or fail to operate Defendant corporations as legal entities separate and apart from themselves by, among other things**:**

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

(b)     defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporations for Individual Defendants' own benefit as the sole or majority shareholder(s) even as the Defendant Corporations operated collectively in the execution of his moving business;

(e)     operating Defendant Corporations for each Individual Defendants' own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)     intermingling assets and debts of Defendants Corporations;

(g)     diminishing and/or transferring assets of Defendant Corporations to protect his own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

46.     At all relevant times, Individual Defendants were Plaintiffs' employers within the meaning of the FLSA, NYLL and other law.

47.     Individual Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

48.     Individual Defendants supervised Plaintiffs' work schedules and conditions of his employment.

49.     Individual Defendants also determined the rate and method of payment for Plaintiffs and other similarly situated employees.

50.     Individual Defendants also controlled and guided what limited recordkeeping that took place which Plaintiffs contends is deficient pursuant to FLSA and NYLL requirements.

*Individual Plaintiff Gustavo Clemente*

51.     Plaintiff is a former employee of Defendants, primarily employed in performing the duties of preparing food in the Deli of the Supermarket.

52.     Plaintiff did not work at his own convenience, having to report to work according to a schedule devised by Defendants. Furthermore, once scheduled for a shift, Plaintiff did not come and go at his pleasure, but rather was controlled by Defendants.

53.     Plaintiffs worked a fixed schedule for Defendants from 6:00 am to 5:00 PM.

54.     Plaintiff is non-exempt under FLSA and the NYLL. Among other things, Plaintiff did not occupy what law would characterize as "professional," "executive" or even "administrative" positions, as Plaintiffs' employment for Defendants was physical labor. Plaintiffs did not receive salary and their primary duties

55.     Plaintiff commences this action as a collective action under 29 U.S.C. § 216(b) and as a putative class action under FRCP 23 with respect to the New York state law claims.

56.     Plaintiff Clemente was employed by Defendants from approximately June 2015 until September 2019.

57.     Plaintiff Clemente regularly handled goods in interstate commerce, such as food and products sold at the restaurant that were necessary to perform their work and that were produced outside of the State of New York**.**

58.      Plaintiff Clemente 's work duties required neither discretion nor independent judgment.

59.     Throughout his employment with Defendants, Plaintiff Clemente regularly worked in excess of 40 hours per week.

60.     From approximately June 2015 until his departure, Plaintiff Clemente worked the same shift every week with one day per week off or sixty (60) hours.

61.     Plaintiff Clemente worked 60 hours per week with a half hour break per day.

62.     Defendants did not provide Plaintiff Clemente with each payment of wages an accurate statement of wages, as require by NYLL 195(3).

63.     Plaintiff received $600 cash per week.

64.     Defendants never provided Plaintiff Clemente with a written notice, in English and in Spanish (Plaintiff Clemente 's primary language), of his rate of pay, employer's regular pay day, and such other information as require by NYLL §195(1).

*Defendants' General Employment Practices*

65.     Defendants regularly require Plaintiffs to work in excess of forty (40) hours per week without paying him the proper overtime wages or spread of hours compensation.

66.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate overtime compensation or spread of hours compensation, as require by federal and state laws.

67.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

68.     By employing this practice, Defendants avoided paying Plaintiffs at the overtime rate of time and a half for most or all of their hours worked in excess of forty (40) hours per week.

13

69.     Defendants failed to post require wage and hour posters and did not provide Plaintiffs with statutorily require wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

70.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for (1) their full hours worked, (2) for overtime due, and (3) for spread of hours pay.

71.     Defendants did not provide Plaintiffs, and similarly situated employees, with the wage statements and annual pay notices require by NYLL §§195(1) and 195(3).

72.     Defendants failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as require by NYLL §195(3).

73. Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as require by New York Labor Law §195(1).

**FIRST CAUSE OF ACTION**
**(Violation of FLSA Overtime/Unlawful Deduction/Recordkeeping Provisions)**

74. Plaintiffs repeats and realleges all paragraphs above as though fully set forth herein.

75. At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

76. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

77. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

15

78.     Defendants, in violation of the FLSA, failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

79.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

80.     Defendants took unlawful deductions from Plaintiffs' earned wages and the FLSA Collective's earned wages.

81.     Defendants, in violated of the FLSA, failed to pay Plaintiffs agreed-upon wages by virtue of their withholding policies, time-clock policies and chargeback policies as described herein.

82.     Defendants failed to satisfy the FLSA's recordkeeping requirements.

83.     Defendants acted willfully in their violations of the FLSA's requirements.

84.      Plaintiffs (and the FLSA Collective) was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (Violation of the Overtime/Unpaid Wages/Unlawful Deductions/Spread-of-Hours-Pay/Recordkeeping/Wage Statement Provisions of NYLL)

85.     Plaintiffs repeats and realleges all paragraphs above as though fully set forth herein.

86.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

87.     Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

88.     Defendants failed to pay Plaintiffs (and the Class members) in a timely fashion, as require by Article 6 of the New York Labor Law.

89.     Defendants' failure to pay Plaintiffs (and the Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

90.     Defendants, in violation of the NYLL, failed to pay Plaintiffs agreed-upon wages by virtue of their withholding policies, time-clock policies and chargeback policies as described herein.

91.     Plaintiffs (and the Class Members) was damaged in an amount to be determined at trial.

92.     Plaintiffs repeats and realleges all paragraphs above as though fully set forth herein.

93.     Defendants failed to pay Plaintiffs (and the Class) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

94.     Defendants' failure to pay Plaintiffs (and the Class) an additional hour's pay for each day Plaintiffs' (and the Class) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

95.     Plaintiffs (and the Class members) was damaged in an amount to be determined at trial.

96.     Plaintiffs repeats and realleges all paragraphs above as though fully set forth herein.

97.     Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of his rate of pay, regular pay day, and such other information as require by NYLL §195(1).

98.     Defendants are liable to Plaintiffs in the amount of $5,000 together with costs and attorney's fees.

99.     Plaintiffs repeats and realleges all paragraphs above as though set forth fully herein.

100.    Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

101.    Defendants acted willfully in his violation of the above-described NYLL requirements.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, its nature, and his right to join, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Certifying this case as a Class Action pursuant to FRCP 23 of the FRCP;

(c)     Designating Plaintiffs as Class Representatives, reasonable service awards for each Plaintiffs, and his counsel of record as Class Counsel;

(d)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(e)     Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(f)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

(g)     Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(h)     Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(i)     Declaring that Defendants have violated the overtime wage provisions of, and

rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the Class;

(j)     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs and the members of the FLSA Class;

(k)     Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' and the FLSA Class members compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs and the FLSA Class members;

(m)     Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(p)     Awarding Plaintiffs and the FLSA class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiffs and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

(r)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 11, 2019

LINA STILLMAN, ESQ.

_____/s/ *Lina Stillman* _____
By:     STILLMAN LEGAL, P.C.