USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/15/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
GUSTAVO CLEMENTE and CELSO ASQUE,

                              Plaintiffs,          **ORDER**

                  -v-                             19-CV-9426 (JLC)

S&W SUPERMARKET, INC. *et al.*,

                             Defendants.
---------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) (Dkt. No. 26) and have now submitted a joint "fairness letter" (Dkt. No. 30) and a fully executed settlement agreement (Dkt. No. 30-1) for my approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). Moreover, in light of defendants' financial situation during the COVID-19 pandemic, plaintiffs have expressed serious concerns about collectability and have agreed to a payment schedule, which "militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). *See also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which

"guarantee[d] recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the joint fairness letter submitted by the parties as well as the proposed settlement agreement, and with the understanding that the parties participated in a mediation with a court-appointed mediator that eventually led to the settlement (and the settlement amount being consistent with that recommended by the mediator), the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).[1]

Accordingly, the proposed settlement is hereby approved. The parties are directed to file a fully-executed stipulation and order of dismissal with prejudice no later than **June 29, 2020**, otherwise the Court will simply direct the Clerk to close this case.

**SO ORDERED.**

Dated:  June 15, 2020
    New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

---

[1] The Court observes that the parties' cover letter (and paragraph 3(a) of the Agreement) reports that the settlement of this case is for $31,000, inclusive of costs and attorneys' fees. However, by the Court's calculation, the installment payments set forth in the Negotiated Settlement Agreement in paragraph 3(c) only add up to $29,000. The parties may wish to review and, as appropriate, revise their agreement to ensure that the total settlement amount is accounted for. Additionally, paragraph 2(e) refers to each plaintiff as "her" rather than "his."